IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

vs.                                    Case Nos.:        4:13cr6/RH/CAS
                                                         4:16cv533/RH/CAS

ADAM ARNOLD,
     Defendant
     Reg. No. 21902-017

---

## ORDER, REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's motion to vacate,

set aside, or correct sentence pursuant to 28 U.S.C. § 2255.   (ECF No.

65).   The motion is Defendant's second such motion, filed after he

successfully challenged counsel's alleged failure to file an appeal.   (ECF

Nos. 49-51).   The Government responded in opposition to the instant

motion.   (ECF No. 70).   Defendant filed a reply, and much later a motion

to supplement.   (ECF Nos. 71, 72).   The case was referred to the

undersigned for the issuance of all preliminary orders and any

recommendations to the district court regarding dispositive matters.   *See*

N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P.

72(b).   After a careful review of the record and the arguments presented, it

is the opinion of the undersigned that the § 2255 motion should be denied

and that no certificate of appealability should issue.

## PROCEDURAL BACKGROUND

On January 9, 2013, Defendant was charged in a two-count

indictment with receipt and distribution of child pornography ("Count One")

and possession of child pornography ("Count Two").   (ECF No. 1).   He

pleaded guilty to Count One of the indictment on March 21, 2013, pursuant

to a written plea agreement and statement of facts.   (ECF Nos. 13–15).[1]

According to the statement of facts,[2] state law enforcement executed a

search warrant on Defendant's home after an internet service provider

supplied information that a Tallahassee, Florida, subscriber was sending

and/or receiving child pornography images.[3]   After Defendant was read his

*Miranda* rights, he admitted that he knew that the officers were there

because he had downloaded child pornography.   He explained that he was

---

[1]   The Government agreed to move to dismiss Count Two at sentencing.

[2]   Defendant agreed at his rearraignment that everything in the statement of facts was true.   (ECF No. 27 at 7–8).

[3]   Defendant was identified as an information technology specialist at a local elementary school.

Case Nos.: 4:13cr6/RH/CAS; 4:16cv533/RH/CAS

sexually aroused by children between infancy and fourteen years old, but that he had not acted on these urges.   Forensic examination revealed approximately 6000 images of child pornography within a "hidden" directory on Defendant's computer, including children under the age of 12 engaged in sexual intercourse.   A separate directory labeled "friends" contained non-pornographic images of what appeared to be local children to whom Defendant may have been attracted.[4]   Defendant also admitted having received and posted images of child pornography on a Russian-based website and provided investigators with his username and password for this site.   (ECF No. 13 at 1–3).

The Presentence Investigation Report ("PSR") calculated Defendant's total offense level as 37.   (ECF No. 19, PSR ¶¶ 18–31).   This included a base offense level of 22, two two-level increases because the offense conduct included prepubescent minors and it was facilitated by the use of a computer, a four-level increase due to Defendant's possession of material portraying sadistic or masochistic conduct, and a five-level adjustment as a

---

[4]   Although not stated in the statement of facts, the PSR reflects that one of the images was an erotic image of Defendant's own partially-clad, sleeping daughter, who was approximately 15 years old at the time.   (ECF No. 19, PSR ¶ 9).

Case Nos.: 4:13cr6/RH/CAS; 4:16cv533/RH/CAS

result of Defendant's "trade" of the images and videos.   Defendant also received a three-level downward adjustment for acceptance of responsibility.   Defendant's criminal history category was I.   The applicable advisory guidelines range of 210 to 262 months became 210 to 240 months due to the statutorily authorized maximum sentence.   (PSR ¶¶ 67, 68).   Multiple pages of victim impact statements were appended to the PSR (*see* ECF No. 19-1 at 1–49), and the defense filed letters in mitigation in Defendant's behalf, including from his parents and one of his daughters. (ECF No. 20).

At sentencing, the court sua sponte questioned the application of the five-level increase for the "trade" of the images, which the Government ultimately conceded was not applicable to Defendant's case (ECF No. 28 at 3–6).   The advisory guideline range was reduced to 121 to 151 months, accordingly.   After hearing argument from the parties, the court imposed a below-guidelines sentence of 108 months imprisonment, followed by a life term of supervised release.   (*Id.* at 23–28).   The court advised Defendant of his appellate rights (*id.* at 32–33), and the clerk entered judgment on June 4, 2013.   (ECF Nos. 22, 23).

Defendant did not appeal, and counsel's failure to file an appeal was one of the claims he raised in his initial § 2255 motion.   (ECF No. 30).   After conducting a hearing limited to this issue, the undersigned recommended that Defendant be afforded a belated appeal and that the remaining claims be dismissed without prejudice.   (ECF No. 49).   The district court adopted the recommendation, and Defendant unsuccessfully appealed.   (ECF Nos. 50, 51, 63, 64).   Defendant argued on appeal that the district court committed plain error by improperly advising him that he faced a maximum term of supervised release of five years, instead of the applicable life term and he was not fully aware of his rights when he pled. (ECF No. 63).   The Eleventh Circuit agreed that there was plain error, but found that Defendant had not shown that the error had affected his substantial rights because he had not demonstrated that he would not have pled guilty absent the error and the record contained no evidence of such. (ECF No. 63 at 4).

Defendant timely filed the instant motion to vacate within a month of the Eleventh Circuit's mandate.   He raises three grounds for relief.   The Government opposes the motion in its entirety.

ANALYSIS

General Standard of Review

"Section 2255 does not provide a remedy for every alleged error in conviction and sentencing."   *Spencer v. United States*, 773 F. 3d 1132, 1138 (11th Cir. 2014).   Collateral review is not a substitute for direct appeal, and therefore the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited.   A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack.   *See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011).   "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'"   *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496 (1986), provides that it must be shown that the

alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ."

The law is well established that a district court need not reconsider issues raised in a section 2255 motion which have been resolved on direct appeal. *Stoufflet v. United States*, 757 F.3d 1236, 1239 (11th Cir. 2014); *Rozier v. United States*, 701 F.3d 681, 684 (11th Cir. 2012); *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000); *Mills v. United States*, 36 F.3d 1052, 1056 (11th Cir. 1994).   Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255.   *Nyhuis*, 211 F.3d at 1343 (quotation omitted).   Broad discretion is afforded to a court's determination of whether a particular claim has been previously raised.   *Sanders v. United States*, 373 U.S. 1, 16 (1963) ("identical grounds may often be proved by different factual allegations . . . or supported by different legal arguments . . . or couched in different language . . . or vary in immaterial respects").

Because a motion to vacate under section 2255 is not a substitute for direct appeal, issues which could have been raised on direct appeal are generally not actionable in a section 2255 motion and will be considered

procedurally barred.    *Lynn*, 365 F.3d at 1234–35; *Bousley v. United States*, 523 U.S. 614, 621 (1998); *McKay v. United States*, 657 F.3d 1190, 1195 (11th Cir. 2011).    An issue is "'available' on direct appeal when its merits can be reviewed without further factual development."    *Lynn*, 365 F.3d at 1232 n.14 (quoting *Mills*, 36 F.3d at 1055).    Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a section 2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error, that is, alternatively, that he is "actually innocent."    *Lynn*, 365 F.3d at 1234; *Bousley*, 523 U.S. at 622 (citations omitted).    To show cause for procedural default, a defendant must show that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct."    *Lynn*, 365 F.3d at 1235.    A meritorious claim of ineffective assistance of counsel can constitute cause.    *See Nyhuis*, 211 F.3d at 1344.

Ineffective assistance of counsel claims generally are not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of

whether they could have been brought on direct appeal.    *Massaro v. United States*, 538 U.S. 500, 503 (2003); *see also United States v. Franklin*, 694 F.3d 1, 8 (11th Cir. 2012); *United States v. Campo*, 840 F.3d 1249, 1257 n.5 (11th Cir. 2016).   To prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Williams v. Taylor*, 529 U.S. 362, 390 (2000); *Darden v. United States*, 708 F.3d 1225, 1228 (11th Cir. 2013). In applying *Strickland*, the court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either of the two prongs.   *Strickland*, 466 U.S. at 697; *Brown v. United States*, 720 F.3d 1316, 1326 (11th Cir. 2013); *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000) ("[T]he court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa.").

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances."    *Strickland*, 466 U.S. at

688; *see also Dingle v. Sec'y for Dep't of Corr.*, 480 F.3d 1092, 1099 (11th

Cir. 2007).    Reviewing courts are to examine counsel's performance in a

highly deferential manner and "must indulge a strong presumption that

counsel's conduct fell within the wide range of reasonable professional

assistance."    *Hammond v. Hall*, 586 F.3d 1289, 1324 (11th Cir. 2009)

(quoting *Strickland*, 466 U.S. at 689); *see also Chandler v. United States*,

218 F.3d 1305, 1315–16 (11th Cir. 2000) (discussing presumption of

reasonableness of counsel's conduct); *Lancaster v. Newsome*, 880 F.2d

362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to

error-free representation").    Counsel's performance must be evaluated

with a high degree of deference and without the distorting effects of

hindsight.    *Strickland*, 466 U.S. at 689.    To show counsel's performance

was unreasonable, a defendant must establish that "no competent counsel

would have taken the action that his counsel did take."    *Gordon v. United

States*, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted); *Chandler*,

218 F.3d at 1315.    "[T]he fact that a particular defense ultimately proved to

be unsuccessful [does not] demonstrate ineffectiveness."    *Chandler*, 218

F.3d at 1314.    When reviewing the performance of an experienced trial

counsel, the presumption that counsel's conduct was reasonable is even stronger, because "[e]xperience is due some respect."   *Chandler*, 218 F.3d at 1316 n.18.

To establish prejudice, defendant must show that, but for counsel's deficient performance, the outcome of the proceeding would have been different.   *Strickland*, 466 U.S. at 694.   "The likelihood of a different result must be substantial, not just conceivable."   *Harrington v. Richter*, 562 U.S. 86, 112 (2011) (quoting *Strickland*).   For the court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him."   *Lockhart v. Fretwell*, 506 U.S. 364, 369–70 (1993); *Allen v. Sec'y, Fla. Dep't of Corr.*, 611 F.3d 740, 754 (11th Cir. 2010).   A defendant therefore must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."   *Lockhart*, 506 U.S. at 369 (quoting *Strickland*, 466 U.S. at 687). Or in the case of alleged sentencing errors, a defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the

result of the proceeding would have been less harsh due to a reduction in the defendant's offense level. *Glover v. United States*, 531 U.S. 198, 203–04 (2001). A significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance." *Id.* at 203.

To establish ineffective assistance, Defendant must provide factual support for his contentions regarding counsel's performance. *Smith v. White*, 815 F.2d 1401, 1406–07 (11th Cir. 1987). Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the *Strickland* test. *See Boyd v. Comm'r, Ala. Dep't of Corr.*, 697 F.3d 1320, 1333–34 (11th Cir. 2012); *Garcia v. United States*, 456 F. App'x 804, 807 (11th Cir. 2012) (citing *Yeck v. Goodwin*, 985 F.2d 538, 542 (11th Cir. 1993)). Furthermore, counsel is not constitutionally deficient for failing to preserve or argue a meritless claim. *Denson v. United States*, 804 F.3d 1339, 1342 (11th Cir. 2015) (citing *Freeman v. Attorney General, Florida*, 536 F.3d 1225, 1233 (11th Cir. 2008)). This is true regardless of whether the issue is a trial or sentencing issue. *See, e.g.*, *Sneed v. Florida Dep't of Corr.*, 496 F. App'x 20, 27 (11th Cir. 2012) (failure to preserve meritless *Batson*

claim not ineffective assistance of counsel);    *Lattimore v. United States*, 345 F. App'x 506, 508 (11th Cir. 2009) (counsel not ineffective for failing to make a meritless objection to an obstruction enhancement); *Brownlee v. Haley*, 306 F.3d 1043, 1066 (11th Cir. 2002) (counsel was not ineffective for failing to raise issues clearly lacking in merit); *Jackson v. Herring*, 42 F.3d 1350, 1359 (11th Cir. 1995) (counsel need not pursue constitutional claims which he reasonably believes to be of questionable merit); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992) (no ineffective assistance of counsel for failing to preserve or argue meritless issue).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between."    *Chandler*, 218 F.3d at 1313.    This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted.    *Dingle*, 480 F.3d at 1099; *Williamson v. Moore*, 221 F.3d 1177, 1180 (11th Cir. 2000).    "Even if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective

assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'"  *Dingle*, 480 F.3d at 1099 (quoting *Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983)).   Regardless of how the standard is framed, under the prevailing case law it is abundantly clear that a moving defendant has a high hurdle to overcome to establish a violation of his constitutional rights based on his attorney's performance.

An evidentiary hearing is unnecessary when "the motion and files and records conclusively show that the prisoner is entitled to no relief."   *See* 28 U.S.C. § 2255(b); *Rosin*, 786 F.3d at 877; *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008).   Not every claim of ineffective assistance of counsel warrants an evidentiary hearing.   *Gordon*, 518 F.3d at 1301 (citing *Vick v. United States*, 730 F.2d 707, 708 (11th Cir. 1984)). To be entitled to a hearing, a defendant must allege facts that, if true, would prove he is entitled to relief.   *See Hernandez v. United States*, 778 F.3d 1230, 1234 (11th Cir. 2015).   A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record.   *See Winthrop–Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014) (explaining that "a district court need

not hold a hearing if the allegations [in a § 2255 motion] are . . . based upon

unsupported generalizations") (internal quotation marks omitted); *Peoples*

*v. Campbell*, 377 F.3d 1208, 1237 (11th Cir. 2004).   Even affidavits that

amount to nothing more than conclusory allegations do not warrant a

hearing.   *Lynn*, 365 F.3d at 1239.   Finally, disputes involving purely legal

issues can be resolved by the court without a hearing.

<u>Ground One</u>

Defendant first contends that he was denied due process of law

under the Fifth and Sixth Amendments due to the application of guidelines

enhancements which raised his offense level from 19 to 32.   He claims, in

essence, that the guidelines do not meet constitutional muster because the

probation officer can use relevant conduct, acquitted conduct and hearsay

evidence to determine the appropriate base offense level.   (ECF No. 65 at

16).   Defendant claims that because a defendant's PSR is written post-

conviction, he is not properly informed of the punishment he faces prior to

signing the plea agreement.   He also notes that neither the indictment nor

relevant statutes spell out the potential enhancements, thus depriving

defendants of liberty and property without due process of law.   This claim

is procedurally barred, because it could have been raised before the district court or on appeal, and it is also without merit.

Frist, the court notes that the Government has the burden of proving a disputed fact at sentencing by a preponderance of the evidence. *United States v. Philidor*, 717 F.3d 883 (11th Cir. 2013) (citing *United States v. Gupta*, 572 F.3d 878, 887 (11th Cir. 2009)). Such a finding will only be disturbed if it is clearly erroneous, that is if a court, after reviewing all the evidence, "is left with the definite and firm conviction that a mistake has been committed." *Id.*   No such error is apparent from the record in this case.

Second, to the extent Defendant claims that he was unaware of the sentence he faced, such a claim is refuted by the record.   The written plea agreement, which Defendant signed, specifically provided that Defendant would be sentenced to a mandatory minimum term of five years imprisonment, up to a maximum of twenty years imprisonment, and that his sentence would include a term of supervised release from five years up to life.  (ECF No. 14 at 1-2).   Additionally, the district judge expressly advised Defendant at his rearraignment about the minimum and maximum sentence he faced as well as the application of the guidelines.   (ECF No.

27 at 8-10).   Defendant's 108-month term was well below the statutory

maximum, as well as below the calculated guidelines range.

Ground Two

In a related claim, Defendant asserts that his attorney, Richard Smith,

was constitutionally ineffective because he did not aggressively argue that

the application of the sentencing enhancements was unconstitutional.

Defendant does not suggest that there was any factual error in the

application of the guidelines adjustments, only that their application was

unconstitutional.   None of the challenged enhancements increased the

penalty above the prescribed statutory maximum in violation of *Apprendi v.*

*New Jersey*, 530 U.S. 466, 490 (2000), or increased the mandatory

minimum penalty in violation of *Alleyne v. United States*, 133 S. Ct. 2151,

2163 (2013).   The sentencing enhancements were properly applied and

there was no basis for counsel to make such an argument.   Counsel is not

constitutionally ineffective for not pursuing a frivolous claim.

Defendant asserts in his supplement that Mr. Smith "tried to coerce,

intimidate and blackmail petitioner into pleading guilty."   (ECF No. 72 at 6).

An allegation of a coerced plea, supported by a factual allegation, can

support a §2255 motion.   *See Fontaine v. United States*, 411 U.S. 213,

214–15 (1973); *United States v. Lampazianie*, 251 F.3d 519, 524 (5th Cir. 2001). However, a defendant's statements during a Rule 11 colloquy as well as any findings made by the judge accepting the pleas constitute a formidable barrier in any subsequent collateral proceedings. *Blackledge v. Allison,* 431 U.S. 63, 73–74 (1977); *Winthrop-Redin v. United States*, 767 F.3d 1210 (11th Cir. 2014) (citing *Blackledge*). This is because solemn declarations made under oath in open court carry a strong presumption of verity. *Blackledge*, 431 U.S. at 73–74; *Connolly v. United States*, 568 F. App'x 770, 771 (11th Cir. 2014) (citing *Blackledge*); *Garces v. U.S. Att'y Gen.*, 611 F.3d 1337, 1349 (11th Cir. 2010) (citing *Blackledge*). They are presumptively trustworthy and are considered conclusive absent compelling evidence showing otherwise; the subsequent presentation of conclusory and contradictory allegations does not suffice. *Blackledge*, 431 U.S. at 73–74; *Winthrop-Redin*, 767 F.3d at 1216. In fact, such allegations are subject to summary dismissal. *Winthrop-Redin*, 767 F.3d at 1216 (citing *Blackledge*, 431 U.S. at 74).

Defendant's assertion that his plea was coerced is contradicted by his statements under oath at the plea colloquy. The court asked Defendant

whether "anybody pressured you or threatened you or used force against you to get you to plead guilty?" and Defendant responded in the negative. (ECF No. 27 at 14).   The court also confirmed, through Defendant's responses to its questions, that Defendant had had as much time as he needed to talk about his case with counsel, that counsel had answered all his questions, that he was satisfied with the way counsel had represented him and that he had no complaints at all.   (ECF No. 27 at 14).

Defendant has not established that Smith's performance was constitutionally deficient under *Strickland*, and no relief is warranted.

Ground Three

Defendant's third ground for relief is that appellate counsel Mutaqee N. Akbar was ineffective because he filed an *Anders* brief on appeal. Defendant states that Mr. Akbar was inexperienced in appellate proceedings, filed excuses for extensions, did not communicate with his client, overstated the prosecution's case and never provided Defendant with a copy of the Eleventh Circuit's ruling.   (ECF No. 65 at 7).

Defendant also claims that Mr. Akbar was biased against him and "wanted nothing to do with the case."   In support of this assertion, Defendant describes Akbar as "possibly Muslim" and "of Arabic roots" and

claims that "[b]oth of these cultures and backgrounds are historically prejudiced against anyone that would harm children."   (ECF No. 65 at 21). Defendant does not suggest from what cultural background he might have found an attorney who would not have had an opinion on a personal level about the conduct alleged in this case.   Defendant may be assured that attorneys are officers of the court who put aside personal opinions and even personality differences to ensure that their clients' constitutional rights are protected.   The filing of an *Anders* brief is not alone evidence of "bias."

Due process of law requires that a defendant receive effective assistance of appellate counsel on his direct appeal.   *Evitts v. Lucey*, 469 U.S. 387, 396 (1985).   To prevail on a claim for ineffective assistance of appellate counsel, a defendant must show that (1) appellate counsel's performance was deficient, and (2) but for counsel's deficient performance he would have prevailed on appeal.   *Shere v. Sec'y Fla. Dep't of Corr.*, 537 F.3d 1304, 1310 (11th Cir. 2008); *see Philmore v. McNeil*, 575 F.3d 1251, 1264 (11th Cir.2009) (holding that claims for ineffective assistance of appellate counsel are governed by the same standards applied to trial counsel under *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). To determine whether defense counsel rendered ineffective assistance by

failing to raise certain issues on appeal, the court may consider the merits

of the issues the defendant alleges counsel was derelict in not raising on

appeal.    *Miller v. Dugger*, 858 F.2d 1536, 1538 (11th Cir. 1988); *Reutter v.*

*Secretary for Dept. of Corrections*, 232 F. App'x 914, 917 (11th Cir. 2007)

(determining that counsel's decision not to raise a particular argument on

appeal, in light of his having raised several important claims, was likely a

strategic decision to "winnow out weaker arguments").    Of course,

appellate counsel is not ineffective for failing to raise claims that are

reasonably considered to be without merit.    *Brown v. United States*, 720

F.3d 1316, 1335 (11th Cir. 2013); *Shere v. Sec'y Fla. Dep't of Corr.*, 537

F.3d 1304, 1311 (11th Cir. 2008); *United States v. Nyhuis*, 211 F.3d 1340,

1344 (11th Cir. 2000) (citing *Alvord v. Wainwright*, 725 F.2d 1282, 1291

(11th Cir. 1984).    Defendant's claim that the guidelines are

unconstitutional, either as applied to him or generally, is without merit and

counsel was not constitutionally ineffective for failing to raise it on appeal.

Defendant has made general allegations of ineffectiveness but has not

identified any specific actions or omission of Mr. Akbar that were

constitutionally ineffective, and as such he has not shown that he is entitled

to relief.

Conclusion

For all of the foregoing reasons, the court finds that Defendant has not shown that any of the claims raised in his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, as supplemented, have merit.   Nor has he shown that an evidentiary hearing is warranted. Therefore, Defendant's motion should be denied in its entirety.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."   A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.   Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right.   § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).   Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

Case Nos.: 4:13cr6/RH/CAS; 4:16cv533/RH/CAS

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."   If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is **ORDERED**:

1.  Defendant's Motion to Supplement § 2255 Petition Pursuant to Federal Rules of Civil Procedure (ECF No. 72) is **GRANTED** to the extent the court has considered the arguments raised therein in preparing this recommendation.

2.  Defendant's Motion to Hold in Abeyance (ECF No. 73) is **GRANTED** to the extent the court will consider appropriate requests for an extension of time to file objections to the instant recommendation.

And based on the foregoing, it is respectfully **RECOMMENDED** that:

1.  The motion to vacate, set aside, or correct sentence (ECF No. 65) be **DENIED**.

2.  A certificate of appealability be **DENIED**.

Case Nos.: 4:13cr6/RH/CAS; 4:16cv533/RH/CAS

At Tallahassee, Florida, this 10th day of April, 2018.

s/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

<u>**NOTICE TO THE PARTIES**</u>

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.   <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>   A copy of objections shall be served upon all other parties.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.